UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES W. RYAN and DENISE R. RYAN,

    Plaintiffs,

vs.

OCWEN LOAN SERVICING, LLC, and
DEUTSCHE BANK NATIONAL TRUST
COMPANY, as TRUSTEE UNDER THE
POOLING AND SERVICING AGREEMENT
DATED AS OF JUNE 1, 2003, MORGAN
STANLEY ABS CAPITAL I INC.
TRUST 2003-HE1,

    Defendants.
_____/

Case No. 15-11555

Hon. Gerald E. Rosen

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     March 30, 2016

PRESENT:    Honorable Gerald E. Rosen
                 United States District Judge

## I. INTRODUCTION

Plaintiffs James W. and Denise R. Ryan commenced this suit in state court on or around April 2, 2015, asserting federal and state-law claims against Defendants Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company arising

from the September 3, 2014 foreclosure sale of Plaintiffs' home on Woodlawn Drive in Flint, Michigan. Defendants removed the case to this Court on April 29, 2015, citing Plaintiffs' assertion of a claim arising under federal law, as well as the diverse citizenship of the parties. *See* 28 U.S.C. §§ 1331, 1332(a) 1441(a).

Through the present motion filed on November 30, 2015, Defendants seek an award of summary judgment in their favor on each of the claims asserted in Plaintiffs' complaint. In support of this motion, Defendants point to a variety of purported defects in Plaintiffs' claims as pled,[1] and they further contend that Plaintiffs have failed to unearth any evidentiary support for their claims in the course of the discovery period. To the contrary, Defendants observe that by virtue of Plaintiffs' failure to respond to a number of requests for admissions served by Defendants in the course of discovery, Plaintiffs are foreclosed from establishing certain key elements of their claims.

Plaintiffs have responded, after a fashion, to Defendants' pending motion for summary judgment,[2] and Defendants have filed a reply in further support of their

---

[1] In light of these claimed defects, Defendants filed a motion for judgment on the pleadings on July 20, 2015, shortly after the commencement of the discovery period. While this motion remains pending, it has been rendered moot in light of the Court's ruling on the present motion for summary judgment.

[2] As Defendants observe, the brief filed by Plaintiffs in response to Defendants' present motion is essentially identical to the brief they filed in opposition to Defendants' earlier motion for judgment on the pleadings. As befitting a response to an attack upon

motion. Having reviewed the parties' briefs in support of and in opposition to Defendants' motion, as well as the remainder of the record, the Court finds that the pertinent facts, allegations, and legal issues are adequately presented in these written submissions, and that oral argument would not assist in the resolution of this motion. Accordingly, the Court will decide Defendants' motion "on the briefs." *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. For the reasons set forth below, the Court readily concludes that Defendants' motion should be granted, and that Plaintiffs' complaint should be dismissed in its entirety with prejudice.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In January of 2003, Plaintiffs James W. and Denise R. Ryan granted a mortgage on property located on Woodlawn Drive in Flint, Michigan (the "Property") to non-party American Nationwide Mortgage Company, Inc., as security for a loan in the amount of $105,000.00. On or around March 14, 2003, this mortgage was assigned to Defendant Deutsche Bank National Trust Company, as Trustee under the Pooling and Servicing Agreement dated as of June 1, 2003,

---

the pleadings, Plaintiffs' present submission (i) is wholly lacking in citations to the evidentiary record, (ii) asserts at various points that Plaintiffs' claims have been adequately pled, without regard for the question whether these claims have any evidentiary support, and (iii) recites the standards of Fed. R. Civ. P. 12(b)(6) as purportedly governing the Court's review of Defendants' motion. In light of this response, it is fair to say that Defendants' present motion is effectively unopposed.

Morgan Stanley ABS Capital I Inc. Trust 2003-HE1. At all pertinent times, Defendant Ocwen Loan Servicing, LLC was the servicer of the mortgage.

Several years later, Plaintiffs defaulted on their obligations under the mortgage, and foreclosure proceedings were commenced in March of 2014. Soon thereafter, Plaintiffs retained the services of non-party Home Legal Group, PLLC to assist them in seeking mortgage assistance and obtaining a modification of their mortgage loan, but they have admitted during discovery that they never submitted a complete loss mitigation application to Defendants. (*See* Complaint at ¶¶ 11-12; Defendants' Motion, Ex. D, Requests for Admission No. 10.)[3] Nonetheless, Defendants evaluated Plaintiffs' eligibility for mortgage assistance based on the information available to them, and Plaintiffs were notified on May 1, 2014 that they did not qualify for a loan modification. (*See* Defendants' Motion, Ex. G, 5/1/2014 Letter; Ex. D, Requests for Admission No. 5.)

A sheriff's sale was conducted on September 3, 2014, and Defendant Deutsche Bank purchased the Property for $106,534.22. (*See* Defendants' Motion,

---

[3]As noted earlier, Plaintiffs failed to respond to any of the requests for admissions served by Defendants during discovery, despite the entry of an October 1, 2015 stipulated order granting Plaintiffs additional time to do so. Accordingly, by operation of Fed. R. Civ. P. 36(a)(3), Plaintiffs are deemed to have admitted each of the matters addressed in Defendants' requests for admissions. Plaintiffs have not sought relief from the operation of Rule 36(a)(3), nor did they so much as mention this resulting predicament in their response to Defendants' present motion.

Ex. E, Sheriff's Deed.) Plaintiffs had until March 3, 2015 to redeem the Property, but they did not do so.

Instead, Plaintiffs commenced the present suit in state court on April 2, 2015, alleging that Defendants failed to consider their request for a loan modification, and asserting a number of federal and state-law claims arising from this alleged failure. Defendants timely removed the case to this Court on April 29, 2015, and they now argue that they are entitled to an award of summary judgment in their favor as to each of the claims asserted in Plaintiffs' complaint.

### III. ANALYSIS

#### A. The Standards Governing Defendants' Motion

Through their present motion, Defendants seek summary judgment in their favor on each of the claims asserted by Plaintiffs. Under the pertinent Federal Rule governing this motion, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As the Supreme Court has explained, "the plain language of Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*

*v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

In deciding a motion brought under Rule 56, the Court must view the evidence "in a light most favorable to the party opposing the motion, giving that party the benefit of all reasonable inferences." *Smith Wholesale Co. v. R.J. Reynolds Tobacco Co.,* 477 F.3d 854, 861 (6th Cir. 2007). Yet, the nonmoving party may not rely on bare allegations or denials, but instead must support a claim of disputed facts by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Moreover, "[a] mere scintilla of evidence is insufficient" to withstand a summary judgment motion; rather, "there must be evidence on which the jury could reasonably find for the non-moving party." *Smith Wholesale,* 477 F.3d at 861 (internal quotation marks and citation omitted).[4]

**B.     Defendants Have Established as a Matter of Law That They Did Not Violate RESPA, and That the Relief Sought by Plaintiffs as a Result of Any Such Alleged Violation Is Unavailable in Any Event.**

---

[4]As noted earlier, Plaintiffs' response to Defendants' present motion utterly fails to meet these standards for properly opposing a Rule 56 request for summary judgment. In particular, Plaintiffs do not cite to any materials whatsoever in the evidentiary record, much less claim that this record gives rise to genuine issues of material fact. In essence, then, Defendants' present motion is unopposed, particularly in light of the facts that are deemed admitted as a result of Plaintiffs' failure to respond to Defendants' requests for admissions. Consequently, the Court will move rather quickly through its analysis of the issues raised in Defendants' motion.

In count I of their complaint, Plaintiffs allege that Defendants violated the federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and one or more federal regulations by (i) failing to properly evaluate the loss mitigation requests submitted by Plaintiffs and their representatives, (ii) failing to provide the appropriate written notice of the actions taken on these requests and the loan modification options available to Plaintiffs, and (iii) instead proceeding with the foreclosure sale of the Property.  As Defendants point out in their motion, however, the federal claims asserted in count I of the complaint are both factually unsupported and legally deficient.

First, Plaintiffs' allegations in support of their claimed violations of RESPA and its corresponding federal regulations are defeated by virtue of the admissions made by Plaintiffs during discovery.  In particular, Plaintiffs have admitted (i) that they did not send a complete loss mitigation application to Defendants, (ii) that Defendants nonetheless evaluated them for all available loss mitigation options, and (iii) that Defendant Ocwen sent them a May 1, 2014 letter explaining the grounds for the denial of Plaintiffs' request for a loan modification.  (*See* Defendants' Motion, Ex. D, Requests for Admission Nos. 4, 5, 10, 11; Ex. G, 5/1/2014 Letter.) In light of these admissions, Plaintiffs cannot establish their entitlement to recover under RESPA.

7

Next, Plaintiffs have failed as a matter of law to establish their entitlement to any of the forms of relief sought in count I of their complaint. To the extent that they seek to set aside the sheriff's sale of the Property, this form of relief is unavailable to them under RESPA and its associated regulations. *See Servantes v. Caliber Home Loans, Inc.,* No. 14-13324, 2014 WL 6986414, at *1 (E.D. Mich. Dec. 10, 2014). In addition, while Plaintiffs seek an award of monetary damages, they have admitted that they suffered no actual damages relating to the allegations of their complaint, (*see* Defendants' Motion, Ex. D, Requests for Admission No. 12), and a RESPA claim cannot succeed absent proof of actual damages, *see Battah v. ResMAE Mortgage Corp.,* 746 F. Supp.2d 869, 876 (E.D. Mich. 2010). Finally, Plaintiffs' allegation of a violation of 12 C.F.R. § 1024.38 is unavailing, because there is no private right of action to enforce any such violation. *See Smith v. Nationstar Mortgage,* No. 15-13019, 2015 WL 7180473, at *4 (E.D. Mich. Nov. 16, 2015).

C.  **Plaintiffs' Claim of Negligence Fails for Lack of a Duty Owed by Defendants Apart from Their Contractual Obligations, and for Lack of Evidence of Damages.**

Count II of Plaintiffs' complaint asserts a state-law claim of negligence, based on allegations that the Defendant loan servicer, Ocwen, violated a purported duty to exercise reasonable care in evaluating Plaintiffs' request for a loan modification. Defendants argue, and the Court agrees, that this claim fails because (i) Defendants did not owe a duty of care to Plaintiffs that was separate and distinct from their contractual obligations under the mortgage and note, and (ii) Plaintiffs admit that they suffered no damages as a result of any purported breach of any such duty of care.

Under well-settled Michigan law, where the relationship between the parties is governed by a contract, there can be no tort liability unless the plaintiff alleges and proves the "violation of a legal duty separate and distinct from" the obligations owed by the defendant under the contract. *Rinaldo's Construction Corp. v. Michigan Bell Telephone Co.,* 454 Mich. 65, 559 N.W.2d 647, 658 (1997); *see also Fultz v. Union-Commerce Associates,* 470 Mich. 460, 683 N.W.2d 587, 592 (2004). Under facts similar to those alleged here, the courts have held that a loan servicer does not owe a duty of care to a borrower to evaluate a request for a loan modification, whether under the regulations enacted pursuant to the federal Home

9

Affordable Modification Program ("HAMP") or by virtue of the borrower/lender relationship. *See Rush v. Freddie Mac,* 792 F.3d 600, 605-06 (6th Cir. 2015); *Polidori v. Bank of America, N.A.,* 977 F. Supp.2d 754, 763-64 (E.D. Mich. 2013); *Ahmad v. Wells Fargo Bank, NA,* 861 F. Supp.2d 818, 826-28 (E.D. Mich. 2012). As explained by the Sixth Circuit, "the duties established by the mortgage contract govern the relationship between the parties," and "a homeowner who has defaulted may not simply waive the contract and sue in negligence." *Rush,* 792 F.3d at 605 (footnote omitted).

Even assuming that Plaintiffs were able to identify a duty owed by one of the Defendants that would support a tort claim under Michigan law, they have failed as a matter of law to establish one or more of the required elements of their claim of negligence. First, they have admitted that Defendants evaluated their eligibility for all available loss mitigation options, and that Defendant Ocwen sent them a letter explaining the reasons why their request for a loan modification had been denied. (*See* Defendants' Motion, Ex. D, Requests for Admission Nos. 4, 5.) Next, Plaintiffs' claim of negligence requires proof of damages, *see Polidori,* 977 F. Supp.2d at 763, but they have admitted that they have not suffered any actual damages relating to the allegations of their complaint, (*see* Defendants' Motion, Ex. D, Requests for Admission No. 12).

**D.     Plaintiffs' Claim of Wrongful Foreclosure Fails for Lack of Evidence of Defects in the Foreclosure Process or Prejudice They Suffered as a Result of These Alleged Defects.**

In count III of their complaint, Plaintiffs have asserted a claim of wrongful foreclosure, and they ask that the Court set aside the September 3, 2014 sheriff's sale of the Property. Yet, under well-settled case law, once the statutory period of redemption expires — as it did here on March 3, 2015, before Plaintiffs commenced the present suit — the courts may "only entertain the setting aside of a foreclosure sale where the mortgagor has made a clear showing of fraud, or irregularity." *Conlin v. Mortgage Electronic Registration Systems, Inc.,* 714 F.3d 355, 359 (6th Cir. 2013) (internal quotation marks and citations omitted); *see also Rush,* 792 F.3d at 603; *Narra v. Fannie Mae,* No. 13-12282, 2014 WL 505571, at *5 (E.D. Mich. Feb. 7, 2014). Moreover, "not just any type of fraud will suffice. Rather, the misconduct must relate to the foreclosure procedure itself." *Conlin,* 714 F.3d at 360 (internal quotation marks, alteration, and citations omitted); *see also Rush,* 792 F.3d at 603.

Although Plaintiffs allege in their complaint that Defendant Ocwen "failed to properly follow the requirements of the foreclosure process" as defined under Michigan law, (Complaint at ¶ 43), they have failed to produce any evidence in support of this allegation. Nor have they produced evidence, or even alleged, that

11

any of the purported defects in this process rose to the level of fraud or misconduct. Defendants, in contrast, have produced evidence that notices of the sheriff's sale were properly published and posted in accordance with Michigan law, (*see* Defendants' Motion, Ex. E), and they also point to Plaintiffs' admissions that the foreclosure of the mortgage and sheriff's sale were proper in all respects, and that they have no grounds to dispute the validity of the sheriff's sale, (*see* Defendants' Motion, Ex. D, Requests for Admission Nos. 14, 18).

Even assuming Plaintiffs had produced evidence of irregularities in the foreclosure process, the Michigan Supreme Court has held that such "defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*." *Kim v. JPMorgan Chase Bank, N.A.,* 493 Mich. 98, 825 N.W.2d 329, 337 (2012). The Court further explained that to set aside a foreclosure sale on the basis of such a defect or irregularity, a plaintiff must show that he was prejudiced by the defendant's failure to comply with the foreclosure statute, and that "to demonstrate such prejudice," the plaintiff "must show that [he] would have been in a better position to preserve [his] interest in the property absent [the] defendant's noncompliance with the statute." *Kim,* 825 N.W.2d at 337 (footnote with citations omitted); *see also Rush,* 792 F.3d at 603; *Conlin,* 714 F.3d at 361-62. As Defendants correctly observe, Plaintiffs cannot make this requisite showing of

prejudice, where they have admitted that they lacked the financial ability to either cure their default under the mortgage prior to the sheriff's sale or redeem the Property following the sheriff's sale. (*See* Defendants' Motion, Ex. D, Requests for Admission Nos. 2, 3.)

E. **Plaintiffs Have Failed as a Matter of Law to Establish One or More of the Elements of Their Breach of Contract Claim.**

Next, Plaintiffs have asserted a breach of contract claim in count IV of their complaint, alleging that Defendant Ocwen breached an implied covenant of good faith and fair dealing imposed under the note and mortgage. (*See* Complaint at ¶¶ 47-48.) As Defendants correctly observe, however, "Michigan . . . does not recognize a claim for breach of an implied covenant of good faith and fair dealing." *Smith,* 2015 WL 7180473, at *3. In addition, Defendants point to the absence of any provisions in the note or mortgage that would require them to grant Plaintiffs a loan modification or to process a request for mortgage assistance in any particular way. Finally, this claim, like several others asserted in the complaint, is defeated by Plaintiffs' admission that they did not suffer any damages relating to any alleged breach of Defendants' contractual duties. (*See* Defendants' Motion, Ex. D, Requests for Admission No. 12.)

F. **Plaintiff's Claim of Fraudulent Misrepresentation Is Barred by Michigan's Statute of Frauds, and Also Lacks Evidentiary Support.**

In the fifth and final count of their complaint, Plaintiffs assert a claim of fraudulent misrepresentation against Defendant Ocwen, alleging that this Defendant made various misrepresentations concerning Plaintiffs' request for a loan modification and the timing of any foreclosure proceedings. In seeking summary judgment in their favor on this claim, Defendants first point to Plaintiffs' failure to produce any writing signed by an authorized representative of either Defendant that promised either to grant a loan modification or to delay or cease foreclosure proceedings concerning the Property. To the contrary, Plaintiffs have admitted that no such writing exists. (*See* Defendants' Motion, Ex. D, Requests for Admission No. 17.) Absent allegations of a promise made in writing and signed by a representative of one of the Defendants, "[c]ourts in this District have repeatedly held that misrepresentation claims based on alleged promises to modify home mortgages are barred by the Michigan Statute of Frauds." *Loeffler v. BAC Home Loans Servicing, L.P.,* No. 11-13711, 2012 WL 666750, at *5 (E.D. Mich. Feb. 29, 2012) (citing cases).

In any event, Plaintiffs have not produced evidence of any fraudulent statements made to them by either Defendant. Again, they have admitted precisely the contrary — *i.e.,* that Defendants made no misleading statements to them. (*See* Defendants' Motion, Ex. D, Requests for Admission No. 15.) They have further

14

admitted that they suffered no damages as a result of any alleged misrepresentations. (*See id.,* Requests for Admission No. 12.) It follows that they cannot prove one or more of the required elements of their claim of fraudulent misrepresentation.

### IV. CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants' November 30, 2015 motion for summary judgment (docket #25) is GRANTED. In light of this ruling, IT IS FURTHER ORDERED that Defendants' July 20, 2015 motion for judgment on the pleadings (docket #11) is DENIED as moot.

                                           s/Gerald E. Rosen
                                           United States District Judge

Dated: March 30, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 30, 2016, by electronic and/or ordinary mail.

                         s/Julie Owens
                         Case Manager, (313) 234-5135